UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLETE REO HART,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA MEDICAL FACILITY, et al.,<br><br>　　　　　Defendants. | No. 2:13-cv-1961-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that he is eligible to proceed *in forma pauperis*.

A prisoner may not proceed *in forma pauperis*:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

/////

1

1   Court records reflect that on at least three prior occasions, plaintiff has brought actions
2   while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon
3   which relief may be granted.  *See* (1) *Hart v. Trust Account Office*, 2:05-cv-1668-FCD-DAD P
4   (dismissed July 14, 2006 as "duplicative" and frivolous);[1] (2) *Hart v. Bigney*, 2:05-cv-2063
5   (dismissed July 17, 2006 as frivolous and for failure to state a claim); and (3) *Hart v. CMF*, 2:06-
6   cv-0470-LKK-KJM P (dismissed January 26, 2007 as frivolous).

7   Further, it does not appear that plaintiff was under imminent threat of serious physical
8   injury when he filed the complaint.  *See* 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d
9   1047, 1055 (9th Cir. 2007) (section 1915(g) imminent danger exception applies where complaint
10  makes a "plausible" allegation that prisoner faced imminent danger of serious physical injury at
11  the time of filing).  In the complaint, which is largely incomprehensible, plaintiff names "Jesus
12  Christ" and "Rats" among the parties, and appears to request that all of his disciplinary actions be
13  "corrected."  ECF No. 1.  Plaintiff's allegations do not demonstrate that he suffered from
14  imminent danger of serious physical injury at the time he filed his complaint.  Thus, the imminent
15  danger exception does not apply.

16  Because plaintiff has not paid the filing fee and is not eligible to proceed *in forma*
17  *pauperis*, this action must be dismissed.

18  Accordingly, it is hereby ORDERED that the Clerk of the Court randomly assign a United
19  States District Judge to this case.
20  /////
21

---

[1] The July 14, 2006 dismissal did not expressly dismiss the action as frivolous.  It is apparent from the underlying findings and recommendations, however, which were adopted in full by the order of dismissal, that the action was frivolous.  The findings and recommendations noted that plaintiff's complaint was duplicative of "several cases" plaintiff had previously filed.  *See Hart v. Trust Account Office*, 2:05-cv-1668-FCD-DAD P (June 13, 2006 findings and recommendations).  The court noted that in one of the prior and duplicative actions, plaintiff had been granted several opportunities to amend.  *Id*.  The court found that plaintiff's allegations were also duplicative of those in a prior action that had already been dismissed as duplicative of five other actions plaintiff had filed.  *Id*.; *see Saunders v. Saunders*, No. CV-05-0699-TUC-RCC, 2013 U.S. Dist. LEXIS 111424, at *10 (E.D. Cal. Aug. 7, 2013) ("dismissal constitutes a strike because the duplicative action was frivolous—it stated the same claims as another action Plaintiff had already filed and was pending before a magistrate judge").

1  Further, IT IS HERBEY RECOMMENDED that plaintiff's request for leave to proceed *in forma pauperis* be denied and this action be dismissed without prejudice to re-filing upon pre-payment of the $400 filing fee. *See* 28 U.S.C. §§ 1914(a), 1914 (District Court Miscellaneous Fee Schedule, No. 14), 1915(g).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 15, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE